NO. 07-02-0360-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 12, 2002

_____

STEVEN A. WARD,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2000-471265; HON. DRUE FARMER, PRESIDING

_____

*DISMISSAL*

_____

Before QUINN and REAVIS, J.J. and BOYD, S.J.[1]

Appellant, Steven A. Ward, appealed from an order revoking his probation and sentencing him to 180 days in the Lubbock County Jail. We dismiss the proceeding for lack of jurisdiction.

The order revoking appellant's probation indicates that sentence was imposed on

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).

May 13, 2002. Appellant then filed a motion for new trial on May 15, 2002. To be timely, a notice of appeal must be filed within 30 days after the sentence is imposed or suspended in open court or within 90 days after that date if a motion for new trial is filed. TEX. R. APP. P. 26.2(a). Thus, appellant's notice of appeal was due to be filed on August 12, 2002 but was not filed until August 26, 2002. The deadline for filing the notice of appeal may be extended if the notice of appeal is filed in the trial court and a motion seeking an extension of time is filed in this court within 15 days after the deadline for filing the notice of appeal. TEX.R. APP. P. 26.3. However, no such motion has been filed with this court. A timely filed notice of appeal is essential to invoke our appellate jurisdiction. *Olivo v. State,* 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). If the notice is not timely, then the court of appeals can take no action other than to dismiss the proceeding. *Id.* at 523. Because appellant's notice of appeal was untimely filed, we have no jurisdiction to consider the appeal.

Accordingly, the appeal is dismissed.


Per Curiam

Do not publish.

2